**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000372
19-SEP-2024
07:56 AM
Dkt. 62 SO**

NO. CAAP-20-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TIM UZZANTI AND KATRINA UZZANTI, Individually, and as
Trustees for the TIM AND KATRINA UZZANTI TRUST
DATED JULY 15, 2005, Plaintiffs-Appellees,
v.
PETER K. MARTIN, Defendant-Appellant,
and
ANDREW KEENAN; VANESSA KEENAN; K&S CONSTRUCTION LLC;
ELITE PACIFIC PROPERTIES LLC; DEBBIE ARAKAKI;
GREG BURNS, Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0664(1))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Peter K. Martin (**Martin**) appeals

from the February 9, 2021 Second Amended Final Judgment

(**Judgment**) entered by the Circuit Court of the Second Circuit

(**Circuit Court**).[1]

Martin raises eight points of error on appeal,

contending that the Circuit Court erred: (1) with respect to

_____

[1]    The Honorable Rhonda I.L. Loo presided.

Martin, in entering the August 24, 2016 Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment Re:  Liability of Defendants Andrew Keenan, Vanessa Keenan, and [Martin] (**Order Granting Summary Judgment on Liability**); (2) in entering the January 22, 2019 Order Granting Plaintiffs' Motion for Partial Summary Judgment Against Remaining Defendant (**Order Granting Damages Against Martin**); (3) in denying Martin's request for a continuance of the June 14, 2018 hearing on Plaintiffs' Motion for Partial Summary Judgment Against Remaining Defendant; (4) in not reducing the amount of damages assessed against Martin by the amount of the good faith settlement approved for the other defendants; (5) in entering the August 1, 2019 Order Granting Plaintiffs' Motion for Attorney's Fees and Costs Against [Martin] (**Order Granting Fees**); (6) in entering the November 30, 2018 Order Denying [Martin's] Motion to Vacate All Orders and Judgment Entered Herein, and Alternatively, to Dismiss Under HRCP Rule 19 (**Order Denying Motion to Vacate**); (7) in denying Martin's August 14, 2018 Motion for Reconsideration (**First Motion for Reconsideration**); and (8) denying Martin's February 8, 2019 Motion for Reconsideration (**Second Motion for Reconsideration**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Martin's points of error as follows:

(1)   In the Order Granting Summary Judgment on Liability, the Circuit Court granted partial summary judgment in favor of Plaintiffs-Appellees Tim Uzzanti and Katrina Uzzanti, individually, and as Trustees for the Tim and Katrina Uzzanti Trust dated July 15, 2005 (the **Uzzantis**) and against Defendants-Appellees Andrew Keenan and Vanessa Keenan (the **Keenans**) and Martin as follows.  The Uzzantis had moved for summary judgment on Counts I (Breach of Contract), II (Breach of the Covenant of Good Faith and Fair Dealing), and V (Violation of Hawaii Revised Statutes (**HRS**) Chapter 508D).  Summary judgment was entered against Martin on all three counts because he failed to submit an opposition.[2]  Summary judgment was entered against the Keenans only on Counts I and V, and denied on Count II, because the Circuit Court concluded that notwithstanding the contractual and statutory breaches, there was no evidence that the Keenans acted in bad faith.

Martin argues, in the first instance, that notwithstanding his failure to oppose summary judgment, for summary judgment to be properly granted, the Uzzantis, as the plaintiffs, nevertheless had to establish their entitlement to relief.  The Hawaiʻi Supreme Court has explained:

> Absent a local rule to the contrary, a party need not affirmatively oppose a motion for summary judgment that fails to show *prima facie* (1) that the undisputed facts foreclose genuine issues as to any material facts and (2) that the moving party is entitled to judgment as a matter of law.  A non-movant's failure to oppose the facts averred by the movant may constitute admission of those facts, but those facts must nonetheless establish that the movant is entitled to relief.  Even when a nonmoving party chooses the perilous path of failing to submit a response, the trial court may not grant the motion for summary judgment] without

---

[2]      It appears that Martin was self-represented at the time.

3

> first examining the moving party's submission to determine
> if it has met its burden of demonstrating that no material
> issue of fact remains for trial.

Arakaki v. SCD-Olanani Corp., 110 Hawaiʻi 1, 6, 129 P.3d 504, 509
(2006) (cleaned up).

In support of their motion for partial summary
judgment, the Uzzantis submitted evidence of, *inter alia*, a
Purchase Contract for real property that was initialed by Martin
as a seller, which he acknowledged as his initials, at his
deposition.  The Uzzantis also submitted evidence of a deed from
Andrew Keenan and Martin, as Trustee of the Peter Klint Martin
Revocable Trust dated April 11, 1995, to the Uzzantis.  At
deposition, Martin admitted his signature on the deed, but denied
he was a seller although recognizing that the deed said he was.
The Uzzantis brought forward evidence regarding contractual and
statutory disclosure requirements and breaches thereof with
respect to the subject property.  We conclude that the Uzzantis
met their summary judgment burden with respect to Counts I and V
against Martin.

However, with respect to Count II, as noted above, the
Circuit Court concluded that there was no evidence that the
Keenans acted in bad faith, thereby breaching the covenant of
good faith and fair dealing in the agreement entered into by the
parties.  In the partial summary judgment motion, the Uzzantis
offered no separate evidence or argument showing any act of bad
faith, lack of good faith, or any unfair dealing by Martin.  On
the contrary, the Uzzantis simply argued that Martin produced no
records demonstrating an attempt to meet his disclosure

obligations, instead he relied on the Keenans' disclosure statement.  In contrast, the Uzzantis point to admissions of "outright misrepresentations" by Andrew Keenan and "material misrepresentations" by Vanessa Keenan, who prepared the disclosure statement for the subject property, including a misrepresentation that she was a titled seller.  Upon review of the record before the Circuit Court on the summary judgment motion, we conclude that the Uzzantis did not meet their burden of establishing *prima facie* evidence supporting Count II against Martin.

(2-3)  Martin argues on various grounds that he is entitled to relief from the Circuit Court's Order Granting Damages Against Martin.  Martin's arguments are best understood and evaluated in the context of the surrounding Circuit Court proceedings, only parts of which are called out here.

Of top of mind to the Circuit Court was that this case had been pending since late 2014.  It appears Martin was initially represented by counsel, but that Martin terminated his attorney and counsel withdrew prior to Martin's filing of his *pro se* answer to the Uzzantis' complaint; Martin remained self-represented until June of 2018.

A trial date had been set for January 8, 2018; by stipulation and order, the trial date was continued to July 10, 2018.[3]  On February 6, 2018, the Circuit Court entered an order approving and finding a settlement agreement between the Uzzantis and Defendants Elite Pacific Properties, LLC, Debbie Arakaki, and

---

[3]     The trial date had been continued multiple times at this point.

Greg Burns to be a good faith settlement pursuant to HRS § 663-15.5 (2016 & Supp. 2018).  On May 25, 2018, the Circuit Court entered an order approving and finding a settlement agreement between the Uzzantis, the Keenans, and Defendant K&S Construction LLC to be a good faith settlement pursuant to HRS § 663-15.5.  Also on May 25, 2018, the Uzzantis filed Plaintiffs' Motion for Partial Summary Judgment Against Remaining Defendant (**Damages Motion**), which was ultimately granted in part with the entry of the Order Granting Damages Against Martin.[4]

The Uzzantis moved for summary judgment awarding them damages, as a matter of law, against Martin on three alternative bases:  discretionary "rescissory" damages, "actual" damages, or an equitable remedy of disgorgement of moneys he received from the sale of the property to the Uzzantis.[5]  The "actual" damages the Uzzantis sought were the costs and expenses they purportedly incurred and "will incur" to repair and remediate the undisclosed defects in and damage to the subject property, as well as the costs to "maintain" the property.  On June 6, 2018, new counsel filed a notice of appearance for Martin and submitted an *ex parte* motion requesting a continuance of the hearing set for June 14, 2018.  Also on June 6, 2018, through counsel, Martin submitted a memorandum in opposition to the Damages Motion, relying in part on Hawaiʻi Rules of Civil Procedure Rule 56(f) and arguing new

---

[4]     Many of the documents in this case were filed *ex officio*, so the initial filing date is not always the same as the date appearing in the electronic docket.

[5]     The Uzzantis also requested that Martin pay their attorneys' fees and costs pursuant to HRS § 607-14 (2016).

counsel was unable to assemble documents and testimony in time to meet the deadline for a more thorough substantive response.

At the June 14, 2018 hearing, the Uzzantis objected to a continuance if it was "for the purpose of taking additional evidence or rebriefing."  On the substance of the Damages Motion, the Uzzantis simply argued that "[t]he evidence can't be rebutted because evidence is closed."  Martin's attorney again pleaded for time to review the case, or at least the Damages Motion, which he described as including "a declaration which had, you know, all want is seven and a half million or maybe I two and a half million or maybe I just want 1.7 million."  Martin's attorney argued, *inter alia*, that the Uzzantis had not proven the damages and linked the damages to the conduct for which liability had been established.  In addition, he informed the court that the subject property was in escrow.  Mostly, he stressed his request for time to respond to the merits of the Damages Motion.

The Circuit Court denied Martin's request for a continuance of the hearing, noting the age of the case and Martin's prior history of nonparticipation.  The court then announced it was going to grant the motion, going with the "actual damages that were suffered by the plaintiffs[.]"  The Circuit Court stated, however, "but the Court does have some questions about the expenses.  You might want to get your pen out."

The Circuit Court continued as follows (with edits to formatting; emphasis added):

> When I went over the very thick expense list – and I appreciate that, you know, your client saved all their – but

> some of them were vague and I couldn't make heads or tails
> of it, so I'm going to kind of read you a listing here. . .
> . I need a little bit more documentation or further
> description or further evidence of what these are because
> they appear very vague, and some of them may be unrelated,
> but I'm not sure.  But I'll give you the opportunity to
> submit further declaration or more explicit bills or
> whatever you have to verify this.

The Circuit Court then identified approximately 59 line items of such expenses, the total amount of which exceeded $881,000.  The Circuit Court ultimately included some, but not all, of these "vague" and possibly "unrelated" expenses as actual damages in the Order Granting Damages Against Martin.

We conclude that the Circuit Court erred and abused its discretion in granting the Damages Motion in this manner.  First and foremost, the Damages Motion was plaintiffs' motion for partial summary judgment.  As discussed above in the context of the Liability Motion, the Uzzantis had the burden of establishing *prima facie* evidence that there was no genuine issue of material fact and that they were entitled to judgment for the awarded damages as a matter of law.  As suggested by the Circuit Court's comments and directions, the Uzzantis failed to carry this burden in their motion.

Further, the denial of a continuance on a summary judgment motion that is heard at such a late stage of a case would not always be considered impermissible, particularly in light of Martin's track record in this case.  However, here, the Circuit Court denied Martin *any* continuance to allow his attorney to address a "vague" 631-page summary judgment filing, and at the same time, *sua sponte* gave the movants, the Uzzantis, an open-ended period of time to provide "more documentation," including

declarations and other evidence, in support of their summary judgment motion. Accordingly, we conclude that the Circuit Court erred in entering the Order Granting Damages Against Martin under these circumstances, and the order must be vacated.

(4, 7 & 8) Martin argues that the Circuit Court erred in not reducing the amount of damages assessed against him by the amount of the good faith settlements approved for the other defendants. This argument was raised in the Second Motion for Reconsideration, which was filed after the Circuit Court entered the Order Granting Damages Against Martin. In light of our conclusion that the Circuit Court erred in entering the Order Granting Damages Against Martin, we decline to reach this issue and the other issues presented in the First Motion for Reconsideration, which was in effect a motion for rehearing, and we decline to reach the Second Motion for Reconsideration.

(5) In light of our decision to vacate in part the Order Granting Summary Judgment on Liability and to vacate the Order Granting Damages Against Martin, the Order Granting Fees is vacated without prejudice to any renewed request(s) for attorney's fees and costs upon the further determination of the Uzzantis' claims against Martin.

(6) Martin argues that the Circuit Court erred in entering the Order Denying Motion to Vacate, which sought relief from all prior orders based on the Uzzantis' failure to name Martin, as Trustee of the Peter K. Martin Revocable Living Trust dated April 11, 1995, as opposed to Martin, as an individual. Martin submits that as an individual, he did not have an interest

in the subject property.  However, *inter alia*, as argued before the Circuit Court and on appeal, Martin failed to identify his representative capacity as trustee and failed to identify the trust estate when he admittedly entered into and initialed each page of the Purchase Contract.  Martin's argument that he, as an individual, was not personally liable for his actions and/or inactions related to the disclosure obligations stemming from the Purchase Contract is without merit.  See HRS § 560:7-306 (2018).

For these reasons, we vacate the Circuit Court's February 9, 2021 Second Amended Final Judgment, the August 24, 2016 Order Granting Summary Judgment on Liability only as to Count II, the January 22, 2019 Order Granting Damages Against Martin, and the Order Granting Fees.  We affirm the Circuit Court's August 24, 2016 Order Granting Summary Judgment on Liability as to Counts I and V, as well as the Order Denying Motion to Vacate.  This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 19, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Wayne Nasser,
Francis P. Hogan,                       /s/ Clyde J. Wadsworth
James K. Mee,                           Associate Judge
Benjamin M. Creps,
(Ashford & Wriston),                    /s/ Karen T. Nakasone
for Defendant-Appellant.                Associate Judge

David R. Major,
John D. Ferry, III,
(Bays Lung Rose & Holma),
for Plaintiffs-Appellees.